MEMORANDUM **
Richard Taylor appeals the district court’s grant of summary judgment on his Federal Tort Claims Act (“FTCA”) action against the United States. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse the district court’s grant of summary judgment, a decision which we review de novo. McDonald v. Sun Oil Co., 548 F.3d 774, 778 (9th Cir.2008).
In conducting a summary judgment analysis, we must draw all justifiable inferences in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Here, the plaintiff has tendered evidence that he volunteered to do tree-trimming on government-owned land; that the government accepted his offer and provided him with some benefits in exchange; that he requested the government provide a mechanical lift, or “cherry picker,” for safety reasons and it refused; that he offered to rent a “cherry picker” if the government would reimburse him and it refused; and that the government summoned him to do the work, with requests increasing in number and scale over time. As to the incident in question, several government agents called him to remove a particular tree and urged him to complete the task quickly because they wanted to install a camera to monitor a golf tee as soon as possible.
*131 The FTCA imposes liability on the United States “in the same manner and to the same extent as a private individual under like circumstances.” 28 U.S.C. § 2674. The FTCA calls for application “in accordance with the law of the place where the act or omission occurred.” 28 U.S.C. § 1346(b)(1).
Under California law, “[a]s a general rule, persons have a duty to use due care to avoid injury to others, and may be held liable if their careless conduct injures another person.” Knight v. Jewett, 3 Cal.4th 296, 315, 11 Cal.Rptr.2d 2, 834 P.2d 696 (Cal.1992) (en banc). The affirmative defense of primary assumption of risk provides one exception to this rule. See Neighbarger v. Irwin Industries, Inc., 8 Cal.4th 532, 541, 34 Cal.Rptr.2d 630, 882 P.2d 347 (Cal.1994). In California, primary assumption of risk completely bars a plaintiffs recovery where a court finds as a matter of public policy that the defendant lacked a duty to protect the plaintiff from a particular risk of harm. Id. The doctrine turns on “the nature of the activity or sport in which the defendant is engaged” and “the relationship of the defendant and the plaintiff to that activity or sport.” Knight, 3 Cal.4th at 309, 11 Cal.Rptr.2d 2, 834 P.2d 696. California courts have recognized primary assumption of risk in two contexts: occupational injuries implicating the “firefighter’s rule” and recreational sports injuries. Id. at 309 n. 5, 11 Cal.Rptr.2d 2, 834 P.2d 696.
Taylor’s claim does not satisfy the requirements of primary assumption of risk in either context. First, the nature of tree-cutting and Taylor’s status as a volunteer render the firefighter’s rule inapplicable, as does the absence of a public policy rationale for the doctrine in this case. Second, Taylor’s tree-trimming activities do not qualify as a recreational sport or similar activity. Applying the doctrine of primary assumption of risk in this context would involve extending the rule beyond the contours heretofore established in California as matters of law and. policy. We decline to do so here. The appropriate analysis for this case is secondary assumption of risk, not primary assumption of risk. Knight, 3 Cal.4th at 315, 11 Cal.Rptr.2d 2, 834 P.2d 696. The district court erred in granting summary judgment based on primary assumption of risk.
We need not, and do not, reach any other question presented by the parties.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.